Filed 11/24/15  P. v. Negrete CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067860 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS275668) |
| JOEY NEGRETE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Susan Miller, Deputy Attorneys General, for Plaintiff and Respondent.

As part of a plea agreement, Joey Negrete entered a guilty plea to one count of possession of a dirk or dagger.  (Pen. Code,[1] § 21310.)  Negrete also admitted a serious/violent felony prior conviction.  (§ 667, subds. (b)-(i).)  The remaining counts and allegations were dismissed.

Negrete's motion to strike the serious/violent felony prior was denied by the court. Negrete was sentenced to a determinate term of four years in prison.  Negrete filed a timely notice of appeal, however, his request for a certificate of probable cause was denied.

In this appeal, Negrete challenges the trial court's decision to deny his motion to strike the prior conviction.  He argues the "proper" decision would have been to strike the prior and impose a lesser sentence.  As we will discuss, the question in reviewing a trial court's sentencing decision is whether there was an abuse of the court's broad discretion. Whether reasonable minds might differ as to the "best" or "proper" choice is not a decision we should make on appeal.  We must uphold the trial court's discretionary sentencing choices unless the appellant demonstrates a clear abuse of discretion.  On this record, Negrete has not even come close to such a showing.  Accordingly, we will affirm the judgment.

STATEMENT OF FACTS

On October 29, 2014, Negrete entered the Ares Armour store, a gun shop in National City.  Negrete began making statements about combating terrorism.  The clerk

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

told him to leave the store if he was not going to purchase anything. Negrete produced a knife and said, "I could throw this knife at you before you could even draw your weapon." The clerk displayed a handgun and told Negrete to get out. Negrete fled from the store.

When he was contacted by officers, Negrete was hostile and refused to cooperate. He was ultimately detained.

## DISCUSSION

Negrete contends the court should have dismissed his serious/violent felony prior conviction and imposed a lesser sentence. He argues that such decision would have been the "proper" or "better" choice.

### A. Background

Prior to sentencing, Negrete was evaluated by a psychologist. The doctor concluded that Negrete suffered from serious substance abuse, which might be masking a more serious disorder. Based in part on the evaluation, Negrete filed a motion to strike the serious/violent felony prior conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Following argument, the court denied the motion to strike the prior. The court said:

> "Well, according to Dr. DeFrancesco, he himself is not sure that there are any underlying mental health issues. It says, 'Mr. Negrete has at least severe substance abuse dependency disorders that could be masking an underlying and separate severe psychotic illness,' not that he does, but could be.
>
> [¶] . . . [¶]

3

"Negrete . . . has a severe history of violence and weapons in his background. He continues to carry weapons with him. He was unsuccessful on parole and he himself hasn't taken any steps to get off drugs.

"He went through juvenile court probation and they did all kinds of things for him there that didn't work, and he continued on his way.

"In this case I do not find that he is -- meets the factors described by Romero or that he would fall within my discretion pursuant to 1385 to strike a strike. In this case the court is not going to strike the strike.

"I have to -- there is no treatment program that's there for him. If he was going to get into a treatment program, it doesn't look like he would comply with that program because he hasn't complied with any programs in the past.

"So based on his history, I'm going to impose the mid-term of two years. That will be doubled pursuant to the California Three-Strikes law for the total term of four years."

The probation report shows that Negrete had two prior prison commitments, the last of which was for robbery. He had an extensive record of contacts with the criminal justice system, particularly with instances involving weapons. Negrete was on parole for the robbery offense at the time of the commission of the current offense.

## B. Legal Principles

Under section 1385, trial courts have the discretion to strike a serious/violent felony prior conviction and impose a sentence less than would be required if the prior remained in place. (*Romero, supra*, 13 Cal.4th at p. 504.) We review a trial court's decision to grant or deny a motion to strike a prior conviction under the abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)

4

Although courts have the discretion to strike serious/violent felony priors, the court must exercise its discretion, having in mind the purpose of the Three Strikes law. In doing so, the court must consider the defendant's character, criminal history, background and prospects for rehabilitation. In short, the court must decide if the defendant should be deemed outside the spirit of the Three Strikes sentencing scheme. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

## C. Analysis

Negrete does not seriously contend the trial court abused its discretion. Rather his arguments are advanced in terms such as the "proper" sentence. Negrete emphasizes the nature of his mental condition and his need for treatment, which unfortunately he has never accepted in the past. As we have expressed at the outset of this opinion, our task is not to determine what would have been the "best" or "proper" sentencing choice, that is the role of the trial judge. Our task is more narrow. We must determine whether the trial court abused its discretion. In other words, was the decision arbitrary, irrational, uninformed, or so far from a reasonable choice that we can say the court abused its discretion.

Applying the correct standard of review to this record, it is very clear the court did not abuse its discretion in denying the motion to strike the prior. Negrete was on parole for robbery when he committed the current offense. The probation report shows he had violated his parole 10 times before the current crime. The court noted Negrete has never taken advantage of treatment or rehabilitation opportunities. Although the court recognized it had the authority to strike the prior, it declined to do so. The implied

finding that Negrete comes fully within the spirit of the Three Strikes law is supported by the record. There was no abuse of discretion in this case.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.